The order below is hereby signed.

Signed: December 1 2014



_____S. Martin Teel Jr._____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CHARLITA AYANNA SHAW, | ) | Case No. 14-00654 |
| | ) | (Chapter 7) |
| Debtor. | ) | |

MEMORANDUM DECISION AND ORDER RE MOTION FOR FORGIVENESS OF LATE
FILINGS AND TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED

The debtor commenced this bankruptcy case by the filing of a voluntary petition on November 7, 2014. The petition was docketed by the clerk at 9:50 a.m. on that same date. On November 14, 2014, the debtor filed a certificate of credit counseling reflecting that she completed credit counseling on November 7, 2014, at 2:25 p.m., Eastern Standard Time. In other words, the credit counseling was obtained several hours after the filing of the petition and thus, absent a waiver of the requirement, the counseling does not satisfy the pre-petition

credit counseling requirement of 11 U.S.C. § 109(h).[1]

The debtor has filed a *Motion for Forgiveness for Late Filings* (Dkt. No. 17), asking the court to excuse her post-petition filing of a credit counseling certificate.  In her motion, the debtor explains that she was forced to file for bankruptcy on November 7, 2014, to stop execution of a judgment that would have caused her to lose possession of her property (the "eviction").  She then contends that she could not complete credit counseling prior to the eviction because the eviction was scheduled to occur "before [the] credit counseling [was] open."  Finally, the debtor explains that after completing the credit counseling, she intended to file the certificate number with the court, but due to a family member's medical emergency, there was a delay in filing the credit counseling certificate number with the court.

To the extent the debtor merely seeks an order treating as timely the filing of the credit counseling certificate several days after the filing of the petition, the court will grant the requested relief.  To the extent the debtor seeks a temporary waiver of the pre-petition credit counseling requirement,

---

[1] This court has previously held that even if credit counseling is completed on the same day as the filing of the petition, the counseling must be completed prior to the actual filing of the petition to satisfy the pre-petition credit counseling requirement of 11 U.S.C. § 109(h).  *See In re Soohyun Koo*, slip copy, No. 12-00121, 2012 WL 692578 (Bankr. D.D.C. March 2, 2012).

however, the court will deny the motion.

I.

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period ending on the date of filing of the individual's petition.  11 U.S.C. § 109(h)(1).  Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the debtor's certification is satisfactory to the court.

The debtor's motion contends that "credit counseling" was not open before the scheduled eviction.  The debtor does not indicate whether she actually attempted to contact a credit counseling agency, only that credit counseling, in a general sense, was not open.  Even if the debtor did actually contact an agency only to learn that it was not open, the debtor does not

contend that she made such a request seven days prior to the filing of the petition, and that during the entire time from the date of making the request up until the petition date, was unable to find an authorized agency that was open and available to provide her with credit counseling services.  Instead, it appears that the agency or agencies the debtor wished to use were not open at the precise moment in time when the debtor realized she required bankruptcy relief.  The debtor having failed adequately to certify that she "requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 7-day period beginning on the date on which the debtor made that request," as required to qualify for waiver, the court finds that the debtor is not eligible for a temporary waiver of the pre-petition credit counseling requirement under 11 U.S.C. § 109(h)(3)(A).

II.

It is

ORDERED that to the extent the debtor's motion sought an order authorizing the filing of the credit counseling certificate after the filing of the petition, the motion is granted and the filing of the credit counseling certificate shall be deemed timely.  It is further

ORDERED that to the extent the debtor's motion sought a

temporary waiver of the prepetition credit counseling requirement under 11 U.S.C. § 109(h)(3)(A), the motion is DENIED.  It is further

ORDERED that within 7 days after entry of this order, the debtor shall either file a valid pre-petition credit counseling certificate reflecting that she obtained credit counseling during the 180-day period prior to the filing of the petition, or show cause, by a writing filed with the court, why this case ought not be dismissed based upon her ineligibility to be a debtor under 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings.