The document below is hereby signed.

Signed: December 9, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CHARLITA AYANNA SHAW, | ) | Case No. 14-00654 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE DISMISSING CASE

The debtor commenced this bankruptcy case by the filing of a voluntary petition on November 7, 2014. The petition was docketed by the clerk at 9:50 a.m. on that same date. On November 14, 2014, the debtor filed a certificate of credit counseling reflecting that she completed credit counseling on November 7, 2014, at 2:25 p.m., Eastern Standard Time. In other words, the credit counseling was obtained several hours after the filing of the petition and thus, absent a waiver of the requirement, the counseling does not satisfy the pre-petition

credit counseling requirement of 11 U.S.C. § 109(h).[1]  The court ordered the debtor to show cause why her case ought not be dismissed.

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period ending on the date of filing of the individual's petition.  11 U.S.C. § 109(h)(1).  Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the debtor's certification is satisfactory to the court.

In her response to the order to show cause, the debtor does

---

[1]  This court has previously held that even if credit counseling is completed on the same day as the filing of the petition, the counseling must be completed prior to the actual filing of the petition to satisfy the pre-petition credit counseling requirement of 11 U.S.C. § 109(h).  *See In re Soohyun Koo*, slip copy, No. 12-00121, 2012 WL 692578 (Bankr. D.D.C. March 2, 2012).

2

not contend that she made a request for credit counseling services at least seven days prior to the filing of the petition, and that during the entire time from the date of making the request up until the petition date, she was unable to find an authorized agency that was open and available to provide her with credit counseling services.  The debtor having failed adequately to certify that she "requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 7-day period beginning on the date on which the debtor made that request," as required to qualify for waiver, the court finds that the debtor is not eligible for a temporary waiver of the pre-petition credit counseling requirement under 11 U.S.C. § 109(h)(3)(A).  The debtor does not contend that she obtained the required credit counseling services prior to the commencement of the case: the only certificate of credit counseling she filed shows completion of credit counseling *after* the commencement of the case

Accordingly, an order follows dismissing the case without prejudice.

If the debtor files a new case within the next year, she should be aware of 11 U.S.C. § 362(c)(3) or § 362(c)(4), whichever is the case, regarding the need for the debtor promptly to file a motion in the new case under the applicable provision in order to assure that an automatic stay will be in place during

the case.[2]  The debtor is encouraged to obtain the services of an attorney, and the court notes that its website (http://www.dcb.uscourts.gov/dcb/) (which may be reviewed at the clerk's office if the debtor does not have other internet access) includes information regarding obtaining the services of an attorney under *Information for Parties Who Have No Attorney*, then *Information for Debtors Who Have No Attorney*, then *Find An Attorney (sometimes for free)*.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.  See

---

[2]  These provisions of the Bankruptcy Code and other pertinent statutory provisions and rules may be reviewed on the court's website.